## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRIOT MARINE, LLC, )<br>)<br>Defendant. )<br> ) | Civil Action No. 1:21-cv-11241 |

### COMPLAINT FOR DECLARATORY JUDGMENT

1.   This is an action by the Commonwealth of Massachusetts against Defendant Patriot Marine, LLC (Patriot Marine) pursuant to the Oil Pollution Act of 1990 (OPA), 33 U.S.C. §§ 2701-2761, and the Massachusetts Oil and Hazardous Material Release Prevention and Response Act, Mass. Gen. Laws ch. 21E, §§ 1-22 (Chapter 21E), seeking a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), that Patriot Marine is liable to the Commonwealth for natural resource damages resulting from the discharge of oil from the M/V OCEAN KING—a vessel owned and operated by Patriot Marine—into the waters of Great Harbor, Woods Hole, Massachusetts, on or about January 21, 2018.

2.   The Commonwealth seeks a declaratory judgment on liability only for natural resource damages against the Defendant that is binding in this action and will be binding in any subsequent action or actions against the Defendant for all natural resource

damages resulting from the discharge of oil from the M/V OCEAN KING into the waters

of Great Harbor, Woods Hole, Massachusetts, on or about January 21, 2018.

3.    The Commonwealth is not seeking an award of natural resource damages in

this action, nor is it seeking declaratory judgment on the extent of injury, destruction, or

loss of natural resources that occurred because of the unlawful discharge of oil by the

Defendant.  Any such injury to, destruction of, loss of, or loss of use of natural resources

and the damages that should be awarded to the Commonwealth are expressly reserved for

determination in a subsequent action or actions by the Commonwealth under Sections

1002(a) and 1002(b)(2)(A) of OPA, 33 U.S.C. §§ 2702(a), 2702(b)(2)(A), and Section 5

of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and

Section 1017(b) of OPA, 33 U.S.C. § 2717(b).  This Court has pendent jurisdiction over

the State law claim pursuant to 28 U.S.C. § 1367.

5.    Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), and Section

1017(b) of OPA, 33 U.S.C. § 2717(b), because the discharge of oil and natural resource

injuries occurred in this District.

## PARTIES

6.    The Plaintiff is the Commonwealth of Massachusetts appearing by and through

the Attorney General and the Massachusetts Executive Office of Energy and

Environmental Affairs (EEA).

7.   The Attorney General is the chief law officer of the Commonwealth, with offices at One Ashburton Place, Boston, Massachusetts.  She is authorized to bring this action, and to seek the relief requested herein, pursuant to Mass. Gen. Laws ch. 12, §§ 3 and 11D.

8.   The Executive Office of Energy and Environmental Affairs maintains its principal office at 100 Cambridge Street, Suite 900, Boston, Massachusetts.  The EEA Secretary is the Massachusetts official designated to act on behalf of the public as trustee for natural resources managed or owned or protected by the Commonwealth and its agencies.  Mass. Gen. Laws ch. 21A, § 2A.

9.   Defendant Patriot Marine, LLC is a limited liability company that was organized in Massachusetts in 2005.  At all times relevant to the matters at issue in this Complaint, Patriot Marine had a place of business at 550 Pleasant Street, Suite 104, Winthrop, Massachusetts, 02152, and was doing business in the Commonwealth of Massachusetts and within the jurisdiction of this Court through, among other things, the ownership and operation of the towboat M/V OCEAN KING.

10.   In February of 2019, Patriot Marine reorganized and changed the location of its principal office from Winthrop, Massachusetts, to New Haven, Connecticut.  Patriot Marine's current principal office is located at 2 Poplar Street, New Haven, Connecticut, 06513.  Patriot Marine maintains corporate records at 256 Marginal Street, East Boston, Massachusetts, 02128, which is also the address of its resident agent for service.

## STATUTORY BACKGROUND

### Oil Pollution Act of 1990

11.   Section 1002(a) of OPA, 33 U.S.C. § 2702(a), provides that "each responsible party for a vessel . . . from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines . . . is liable for the . . . damages . . . that result from such incident."

12.   Section 1001(37) of OPA, 33 U.S.C. § 2701(37), defines the term "vessel" to mean "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water, other than a public vessel."

13.   Section 1001(32) of OPA, 33 U.S.C. § 2701(32), defines "responsible party" to include, "[i]n the case of a vessel, any person owning [or] operating . . . the vessel."

14.   The term "discharge," as defined by Section 1001(7) of OPA, 33 U.S.C. § 2701(7), includes any "spilling, leaking, pumping, pouring, emitting, emptying, or dumping."

15.   "Damages" for which a responsible party is liable, pursuant to Section 1002(a) of OPA, 33 U.S.C. § 2702(a), include, "[d]amages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage . . . ." 33 U.S.C. §§ 2701(5), 2702(b)(2).

16.   Section 1001(20) of OPA, 33 U.S.C. § 2701(20), provides that "'natural resources' includes land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by,

appertaining to, or otherwise controlled by the United States . . ., any State or local government or Indian tribe, or any foreign government."

17.   Section 1006 of OPA, 33 U.S.C. § 2706, provides that liability for natural resource damages shall be to the United States and/or a State for natural resources belonging to, managed by, controlled by, or appertaining to the United States and/or a State.

18.   Pursuant to Section 1006(b)(3) of OPA, 33 U.S.C. § 2706(b)(3), EEA's Secretary has been designated as the natural resource trustee for the Commonwealth for recovery under OPA for injuries to, destruction of, loss of, or loss of use of natural resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the Commonwealth and its agencies.  Mass. Gen. Laws ch. 21A, § 2A.

### Massachusetts Oil and Hazardous
### Material Release Prevention and Response Act

19.   Section 5 of Chapter 21E provides that "the owner or operator of a vessel . . . at which there is or has been a release of oil . . . shall be liable, without regard to fault, . . . to the [C]ommonwealth for all damages for injury to and for destruction or loss of natural resources, including the costs of assessing and evaluating such injury, destruction or loss, incurred or suffered as a result of such release or threat of release."  Mass. Gen. Laws ch. 21E, §§ 5(a)(1), 5(a)(ii).

20.   Section 2 of Chapter 21E defines "owner or operator" as, "in the case of a vessel, any person owning, operating or chartering by demise such vessel."  Mass. Gen. Laws ch. 21E, § 2.

21.   Section 2 of Chapter 21E defines the term vessel to mean "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water."  Mass. Gen. Laws ch. 21E, § 2.

22.   The term "release," as defined by Section 2 of Chapter 21E, includes "any spilling, leaking, . . . discharging, . . . escaping, dumping or disposing into the environment."  Mass. Gen. Laws ch. 21E, § 2.

23.   The term "environment," as defined by Section 2 of Chapter 21E, includes "waters[] [and] land . . . of the [C]ommonwealth."  Mass. Gen. Laws ch. 21E, § 2.

24.   The term "waters of the Commonwealth," as defined by Section 2 of Chapter 21E, includes "all waters within the jurisdiction of the [C]ommonwealth, including . . . coastal waters."  Mass. Gen. Laws ch. 21E, § 2.

## FACTS

25.   The M/V OCEAN KING, Official Number 259410, is a 199 gross register ton, 95-foot long, commercial towing vessel, built in 1950.

26.   At all material times, Patriot Marine owned and operated the M/V OCEAN KING.

27.   On or about January 20, 2018, the M/V OCEAN KING sustained hull damage when it ran aground in Saquatucket Harbor in Harwich, Massachusetts.  After the grounding, the M/V OCEAN KING transited from Harwich to Woods Hole, Massachusetts, where it moored at the Woods Hole town dock.

28.   During the morning of January 21, 2018, the M/V OCEAN KING departed from Woods Hole.

29.   Several hours after the M/V OCEAN KING departed from Woods Hole on January 21, 2018, a private citizen reported to the United States Coast Guard's National Response Center a 100-yard by 100-yard sheen, which smelled of motor oil, in the water and on the rocks in Great Harbor, Woods Hole, Massachusetts.  Later that day, personnel from the Coast Guard's Marine Safety Detachment Cape Cod arrived on scene to conduct a preliminary assessment and collect oil samples from the spill.

30.   Because no responsible party was found on-scene, the Coast Guard authorized Cape Waterman Inc., d/b/a Sea Tow Cape and Islands (Sea Tow), to commence activities to clean-up the oil spill, which activities began on January 21, 2018.  Sea Tow continued as the primary responder for clean-up operations in Woods Hole from January 21, 2018 until February 15, 2018.

31.   While the clean-up was ongoing, the Coast Guard investigated the spill and collected oil samples from the M/V OCEAN KING's bilge water.  The oil samples from the M/V OCEAN KING matched the oil samples from the January 2018 Woods Hole oil spill.

32.   On January 31, 2018, the Coast Guard issued a Notice of Designation to Patriot Marine, which formally designated the M/V OCEAN KING as the source of the oil discharge and release.

33.   On February 14, 2018, George Chalos, an attorney for Patriot Marine, sent a letter to Sea Tow, stating: "[i]n accordance with the Oil Pollution Act of 1990 (33 USC 2714(c)), Patriot Marine LLC, as owner and operator of the Tug OCEAN KING, has voluntarily accepted responsibility for an accidental discharge of bilge water and oil into

7

the Great Harbor on or about January 21, 2018. Claims for certain uncompensated damages and removal costs may be submitted to Patriot Marine LLC."

34. The discharge and release of oil from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts, on or about January 21, 2018, caused injury to, destruction of, loss of, or loss of use of the natural resources, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the Commonwealth, including injuring shoreline within Great Harbor, up to the high tide line, and killing waterfowl.

35. As a result of the discharge and release of oil, the Commonwealth has incurred and continues to incur natural resource damages, including costs associated with assessing and evaluating the damage to the natural resources resulting from the discharge and release of oil from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts.

36. The Commonwealth's assessment of natural resource damages to natural resources resulting from the Defendant's oil discharge and release is ongoing. Thus, the amount of damages sustained by the Commonwealth resulting from the unlawful discharge and release of oil from M/V OCEAN KING is not yet fully known.

## CAUSES OF ACTION

**COUNT I:     PATRIOT MARINE IS LIABLE FOR NATURAL RESOURCES DAMAGES UNDER OPA.**

37.   The Commonwealth realleges and incorporates by reference the allegations of paragraphs 1–36.

38.   The Defendant, at all times material times to the allegations in this Complaint, was the owner or operator of the M/V OCEAN KING and has been and remains a "responsible party" for a "vessel" within the meaning of Section 1001(32) of OPA, 33 U.S.C. § 2701(32).

39.   At all material times, the M/V OCEAN KING was a "vessel" as defined by Section 1001(37) of OPA, 33 U.S.C. § 2701(37).

40.   The oil discharged from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts on or about January 21, 2018 was "oil" within the meaning of Section 1001(23) of OPA, 33 U.S.C. § 2701(23),

41.   As a result of the "discharge," as defined by Section 1001(7) of OPA, 33 U.S.C. § 2701(7), of oil from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts on or about January 21, 2018, there have been "damages," as that term is defined in Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A); *see also id*. § 2701(5), for injury to, destruction of, loss of, or loss of use of "natural resources," as that term is defined in Section 1001(20) of OPA, 33 U.S.C. § 2701(20), for which the Commonwealth is a trustee within the meaning of Section 1006(b)(3) of OPA, 33 U.S.C. § 2706(b)(3).

42.   The Commonwealth sustained and may sustain "damages," as that term is defined in Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), for, among other things, injuries to, destruction of, loss of, or loss of use of natural resources.

43.   The Defendant is liable for natural resource damages under OPA resulting from the discharge of oil from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts, on or about January 21, 2018.

44.   An actual controversy exists between the Commonwealth and the Defendant with respect to the Defendant's liability for natural resources damages resulting from the discharge of oil from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts.

45.   The Commonwealth is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions that the Defendant is liable to the Commonwealth for all natural resources damages resulting from the discharge of oil from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts on or about January 21, 2018.

46.   Based on the foregoing allegations, Commonwealth is entitled to a declaratory judgment on the elements of liability under OPA for natural resources damages.  The Commonwealth does not, at this time, seek declaratory judgment with respect to the extent of the injury, destruction, loss of, or loss of use of, to natural resources that have occurred, or may occur, as a result of the discharge of oil into Great Harbor, Woods Hole, Massachusetts from the M/V OCEAN KING on or about January 21, 2018.  Any such injury to, destruction of, loss of, or loss of use of, natural resources and the damages that

should be awarded are expressly reserved for determination in a subsequent action or actions.

**COUNT II:** **PATRIOT MARINE IS LIABLE FOR NATURAL RESOURCES DAMAGES UNDER MASS. GEN. LAWS CH. 21E.**

47.   The Commonwealth realleges and incorporates by reference the allegations of paragraphs 1–46.

48.   The Defendant, at all times material to the allegations in this Complaint, was the "owner" and/or "operator" of the M/V OCEAN KING as those terms are defined by Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2, and has been and remains a responsible party for a vessel within the meaning of Section 5(a)(1) of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5(a)(1).

49.   At all material times, the M/V OCEAN KING was a "vessel" as defined by Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

50.   The oil released from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts on or about January 21, 2018 was "oil" within the meaning of Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, § 2.

51.   As a result of the "release," as that term is defined by Chapter 21E, Mass. Gen. Laws ch. 21E, § 2, of oil from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts on or about January 21, 2018, which are "waters of the Commonwealth," as that term is defined by Chapter 21E, Mass. Gen. Laws ch. 21E, § 2, and adjoining shorelines, there have been injuries to, destruction of, loss of, or loss of use of natural

resources, within the meaning of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5, for which the Commonwealth may recover damages, Mass. Gen. Laws ch. 21E, §§ 5(a)(1), 5(a)(ii).

52.   The Commonwealth sustained and may sustain natural resources damages for, among other things, injuries to, destruction of, loss of, or loss of use of natural resources.

53.   The Defendant is liable for natural resources damages under Chapter 21E resulting from the release of oil from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts, on or about January 21, 2018.

54.   An actual controversy exists between the Commonwealth and the Defendant with respect to the Defendant's liability for natural resources damages resulting from the release of oil from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts.

55.   As owner and operator of a vessel from which oil was released into or upon the waters of the Commonwealth and/or adjoining shorelines, the Defendant is liable to the Commonwealth under Section 5(a)(ii) of Chapter 21E, Mass. Gen. Laws ch. 21E, § 5(a)(ii), for all damages for such injury to, destruction of, loss of, or loss of use of, natural resources, as well as the costs of assessing and evaluating such injury, destruction, or loss, incurred or suffered by the Commonwealth as a result of such release.

56.   The Commonwealth is entitled to, and hereby seeks, a declaratory judgment that is binding in any subsequent action or actions that the Defendant is liable to the Commonwealth for all natural resources damages resulting from the release of oil from the M/V OCEAN KING into Great Harbor, Woods Hole, Massachusetts on or about January 21, 2018.

57.   Based on the foregoing allegations, Commonwealth is entitled to a declaratory judgment on the elements of liability under Chapter 21E for natural resources damages. The Commonwealth does not, at this time, seek declaratory judgment with respect to the extent of the injury, destruction, loss of, or loss of use of, to natural resources that have occurred, or may occur, as a result of the release of oil into Great Harbor, Woods Hole, Massachusetts from the M/V OCEAN KING on or about January 21, 2018.  Any such injury to, destruction of, loss of, or loss of use of, natural resources and the damages that should be awarded are expressly reserved for determination in a subsequent action or actions.

## REQUEST FOR RELIEF

WHEREFORE, the Commonwealth respectfully requests that this Court:

A.     Enter a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and OPA Sections 1002(a), 1002(b)(2)(A), and 1006(a)(2), 33 U.S.C. §§ 2702(a), 2702(b)(2)(A), and 2706(a)(2), that the Defendant is liable, without limitation, for all natural resources damages, including any injury, destruction, loss of, or loss of use of, natural resources, including all reasonable assessment costs, shown in a subsequent action or actions to recover natural resources damages, resulting from the oil discharge from the M/V OCEAN KING, which will be binding in this action and in any subsequent action or actions by the Commonwealth to recover natural resources damages;

B.     Enter a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and Section 5(a)(ii) of Chapter 21E, Mass. Gen. Laws ch. 21E,

§ 5(a)(ii), that the Defendant is liable, without limitation, for all natural resources damages, including injury to, destruction of, loss of, or loss of use of the natural resources, including all reasonable assessment costs, shown in a subsequent action or actions to recover natural resources damages, resulting from the oil release from the M/V OCEAN KING, which will be binding in this action and in any subsequent action or actions by the Commonwealth to recover natural resources damages;

C.     Award the Commonwealth all of its costs to maintain this action; and

D.     Grant such other relief as the Court deems just and proper.

Respectfully submitted,

COMMONWEALTH OF
MASSACHUSETTS

By its attorneys,

MAURA HEALEY
   *Attorney General*

 /s/ Seth Schofield
SETH SCHOFIELD, BBO No. 661210
   *Senior Appellate Counsel*
Energy and Environment Bureau
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
Tel: (617) 963-2436
seth.schofield@mass.gov

Dated: July 30, 2021